UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIM NGUYEN                                          CIVIL ACTION

VERSUS                                              NO. 07-4469

LIBERTY MUTUAL INSURANCE COMPANY                    SECTION B(4)

ORDER AND REASONS

Before the Court is Defendant Liberty Mutual Insurance Company's Motion to Strike Class Allegations. (Rec. Doc. No. 6). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Strike Class Allegations is **GRANTED.**

*BACKGROUND*

Plaintiff Kim Nguyen owned property located at 13293 Tudo Drive in New Orleans, Louisiana. Defendant Liberty Mutual Insurance Company ["Liberty Mutual"] issued an insurance policy to Plaintiff covering the property. Plaintiff's property sustained damage as a result of Hurricane Katrina.

Plaintiff filed a class action complaint on behalf of herself and other individuals who were issued identical or near identical policies by Liberty Mutual. Plaintiff states in her Complaint that

1

the members of the putative class were all found by Liberty Mutual to be entitled to contractor overhead and profit under their respective policies.  Plaintiff alleges further that in calculating the amount each putative class member should be compensated for contractor overhead and profit, Defendant used the formula of 20% of the total cost of repairs, which was the standard rate used prior to Hurricane Katrina.  Plaintiff claims that the use of the 20% formula was unreasonable and arbitrary in light of increased contractor costs in the aftermath of Hurricane Katrina.  Instead, Liberty Mutual had the duty to determine the actual cost of overhead and profit in each case in order to fully pay the value of damaged property under the policy.  Defendant has filed this motion seeking to strike Plaintiff's class allegations.

Defendant contends that Plaintiff failed to file a motion to certify the class within 90 days of filing her complaint as is required under Local Rule 23(B).  Additionally, Defendant argues that a class action is inappropriate in the present case because questions of law and fact specific to each individual class member predominate over questions common to the entire putative class.

Plaintiff contends that evaluating the policy of paying the pre-Katrina rate of 20% of total cost would not require an assessment of each individual claim.  Thus, she should be allowed to proceed with a class action suit.

***DISCUSSION***

Fed. R. Civ. Pro. 23(d) provides that in conducting a class action, the Court may issue an order requiring "that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly...." A court may strike class allegations under Rule 23(d) if the plaintiff's complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying the requirements of Rule 23. *Spiers v. Liberty Mut. Ins. Co.*, 2006 WL 4764430, *1 (E.D. La. 2006).

The local rules for the Eastern District of Louisiana address class action procedure. Local Rule 23(B) states the following: "Within 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a certifications under FRCvP 23(c)(1), as to whether the case is to be maintained as a class action." Courts in the Eastern District have granted motions to strike class allegations as a result of a plaintiff's failure to file a timely motion to certify class under Local Rule 23. *See Dickerson v. Gretna*, 2007 WL 1098787, *4 (E.D. La. 2007); *Crespo v. Liberty Mut. Fire Ins. Co.*, 2007 WL 181874, *1 (E.D. La. 2007).

In the present case, Plaintiff filed her complaint on August 27, 2007. The deadline for moving to certify the class, therefore,

expired on November 26, 2007.  Before that date, Plaintiff did not file a motion to certify the class.  Additionally, Plaintiff did not file any motion to postpone this deadline.  Finally, in the months since the deadline passed, Plaintiff has not filed a motion to certify the class.  The Court finds that Plaintiff's failure to file a timely motion to certify the class in the present case or to attempt to postpone the deadline is sufficient grounds for striking Plaintiff's class allegations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike Class Allegations is **GRANTED**.

New Orleans, Louisiana this 16th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE